19-3502-cv
*G.B., et al. v. Orange Southwest Supervisory District*


## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8ᵗʰ day of December, two thousand twenty.

PRESENT: ROBERT D. SACK,
DENNY CHIN,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

G.B., A MINOR, BY AND THROUGH HIS
PARENTS BY NEXT FRIEND NANCY A.
BARBOUR BY NEXT FRIEND CYNTHIA L.
NONEMACHER, NANCY A. BARBOUR, PARENT
AND NEXT FRIEND TO G.B., A MINOR,
CYNTHIA L. NONEMACHER, PARENT AND
NEXT FRIEND TO G.B., A MINOR,
                    *Plaintiffs-Appellants,*


        -v-                                    19-3502-cv

ORANGE SOUTHWEST SUPERVISORY DISTRICT,

*Defendant-Appellee.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFFS-APPELLANTS:     Nancy A. Barbour, The Law Office of Nancy A. Barbour, West Lebanon, New Hampshire.

FOR DEFENDANT-APPELLEE:     Andrew D. Manitsky, Lynn, Lynn, Blackman & Manitsky, P.C., Burlington, Vermont.

Appeal from the United States District Court for the District of Vermont (Crawford, *Ch. J.*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-appellants G.B. (a minor, by and through his parents Nancy A. Barbour and Cynthia L. Nonemacher), Nancy A. Barbour, and Cynthia L. Nonemacher (collectively, "plaintiffs") appeal the district court's judgment entered September 30, 2019 in favor of defendant-appellee Orange Southwest Supervisory School District (the "District").  By order also entered September 30, 2019, the district court granted the District's motion to dismiss and for summary judgment and denied plaintiffs' cross-motion for summary judgment, with respect to plaintiffs' claims under the Individuals with Disabilities Act (the "IDEA"), 20 U.S.C. §§ 1400 *et seq.*; the Rehabilitation Act, 29

---

\*     The Clerk of the Court is respectfully directed to amend the official caption to conform to the above.  While there were additional defendants, Orange Southwest Supervisory District is the only defendant-appellee.

U.S.C. § 794; the Americans with Disabilities Act, 42 U.S.C. §§ 12131 *et seq.*; and 42 U.S.C. § 1983. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

We review *de novo* the district court's decision to grant the District's motion to dismiss and for summary judgment. *J.D. ex rel. J.D. v. Pawlet Sch. Dist.*, 224 F.3d 60, 64-65 (2d Cir. 2000); *T.K. v. N.Y.C. Dep't of Educ.*, 810 F.3d 869, 874 (2d Cir. 2016). "With respect to state administrative decisions, we engage in an independent, but circumscribed, review, more critical than clear-error review but well short of complete *de novo* review. We give due weight to the state proceedings, affording particular deference where the state hearing officers' review has been thorough and careful," and we are "mindful that federal courts lack the specialized knowledge and experience necessary to resolve persistent and difficult questions of educational policy." *T.K.*, 810 F.3d at 875 (internal quotation marks omitted).

Plaintiffs make three arguments on appeal: the independent hearing officer (the "IHO") and district court erred in finding that (1) certain claims were time-barred, (2) the District complied with its "child find" duties,[1] and (3) plaintiffs failed to exhaust their administrative remedies as required for certain claims. We disagree with each argument.

---

[1] Federal and state regulations require the District to identify and evaluate students with disabilities, which is referred to as "child find." 34 C.F.R. § 300.111; V.S.E.R. § 2368.1.1.

3

Plaintiffs do not dispute that their child-find claim related to the District's

failure to timely evaluate G.B. is subject to a two-year statute of limitations and that

their claim for tuition reimbursement is subject to a ninety-day statute of limitations.[2]

Rather, plaintiffs argue that the statute of limitations should have been tolled because

they were not provided with "the mandatory notices set forth under IDEA" until

September 2017 and the District's "preplacement evaluation" was ongoing until

December 2017, meaning the statute of limitations would not start to run until

September 2017 at the earliest, and thus their April 2018 due process complaint was

timely.  But plaintiffs did not raise any tolling arguments during the administrative

proceedings below, despite being fully aware of the relevant statutes of limitations no

later than November 8, 2017, when they filed their first due process complaint.  *See*

S. App'x at 133 (noting that their due process complaint covered conduct only looking

back "two (2) years").  And because plaintiffs did not raise this issue before the IHO,

there is no administrative record on which we can determine whether plaintiffs

received the statutorily mandated notice.  On this score, plaintiffs' failure to raise the

---

[2]    In plaintiffs' brief, they argue that the district court -- and presumably the IHO -- erred in finding plaintiffs' claim that G.B. was denied a free appropriate public education ("FAPE") to be time-barred.  But neither the IHO nor the district court reached the question of whether plaintiffs' FAPE claim was time-barred.  Rather, plaintiffs' FAPE claim was dismissed on jurisdictional grounds.  It was plaintiffs' claim that the District failed to comply with its child-find obligations that the lower court and IHO found to be time-barred.  Thus, we interpret plaintiffs' statute-of-limitations argument to be that the district court and IHO erred regarding the statute of limitations as applied to plaintiffs' child-find claim.

lack-of-notice argument in the administrative proceedings constitutes waiver. *See C.F. ex rel. R.F. v. N.Y.C. Dep't of Educ.*, 746 F.3d 68, 78 (2d Cir. 2014) ("The key to the due process procedures is fair notice and preventing parents from sandbagging the school district by raising [issues] after the expiration of the resolution period." (internal quotation marks and alterations omitted)).  Further, federal and state law provides that certain acts or omissions toll the relevant statute of limitations period, 34 C.F.R. § 511(f); V.S.E.R. § 2365.1.6.1(a)(3), but the regulations do not explicitly provide that an ongoing preplacement evaluation is one of those acts, and plaintiffs have offered no authority suggesting as much.  Accordingly, the IHO did not err in finding plaintiffs' child-find and tuition-reimbursement claims barred by their relevant statutes of limitations, and the district court properly affirmed the IHO's decision on that ground.  As to plaintiffs' second child-find claim, we agree with the district court that the District's evaluation process from March 2016 to April 2017 was comprehensive.

It is undisputed that plaintiffs' remaining claims were not raised in any of their previous due process complaints or before any IHO and that plaintiffs' claims are actionable in federal court only after exhausting their administrative remedies. *See Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 245 (2d Cir. 2008).  Plaintiffs, however, contend that administrative exhaustion was not required here because any such effort would have been futile.  Specifically, plaintiffs argue:

> It would be utterly futile to require . . . Parents [to] file a
> fourth due process complaint, where (1) the administrative

5

> record has not been fully developed, (2) witnesses have not testified, (3) experts have not rendered professional opinions concerning the appropriateness of any draft IEP produced by the District, and (4) where the District has completely frustrated Parents attempt to determine if they could accommodate and program in order to address the seriousness of G.B.'s mental health conditions.

Plaintiffs' Brief at 60-61. But, as the District notes, plaintiffs' argument shows precisely why they must exhaust their administrative remedies prior to bringing suit in federal court: to develop a record and allow individuals with expertise in education to make these determinations in the first instance. *See Polera v. Bd. of Educ. of Newburgh Enlarged City Sch. Dist.*, 288 F.3d 478, 487 (2d Cir. 2002) ("Exhaustion of the administrative process allows for the exercise of discretion and educational expertise by state and local agencies, affords full exploration of technical educational issues, furthers development of a complete factual record, and promotes judicial efficiency by giving these agencies the first opportunity to correct shortcomings in their educational programs for disabled children." (internal quotation marks omitted)). Further, plaintiffs have failed to show that adequate remedies are not reasonably available or that the wrongs alleged could not or would not have been corrected by resort to the administrative hearing process, at least one of which is required to establish futility. *See Coleman v. Newburgh Enlarged City Sch. Dist.*, 503 F.3d 198, 205 (2d Cir. 2007). Accordingly, the district court appropriately dismissed plaintiffs' remaining claims for failure to exhaust their administrative remedies.

\*   \*   \*

We have considered plaintiffs' remaining arguments and conclude they are without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk